**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

| | | |
|---|---|---|
| Makyah O., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-50347 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Frank J. Bisignano, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Plaintiff's Motion to Alter/Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) [27] is denied.

**DISCUSSION**

Following the Court's July 23, 2026, ruling affirming the decision of the Commissioner of the Social Security Administration and denying Plaintiff's motion and memorandum in support of remand [25], Plaintiff filed a motion to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e) on August 18, 2026 [27]. The Commissioner filed a response brief [31], and Plaintiff filed a reply [32]. The Court has considered all the filings and denies the motion [27].

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend the court's judgment no later than 28 days after entry of judgment. Under controlling law, "[a] party moving to alter or amend a judgment under Rule 59(e) must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. A manifest error is not demonstrated by the disappointment of the losing party. Rather, [i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Kevin D. v. Kijakazi*, No. 22 C 2310, 2023 WL 4054515, at *1 (N.D. Ill. June 16, 2023) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013) *and Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000)) (internal quotations and citations omitted).

Moreover, "[a] Rule 59(e) motion is not the appropriate vehicle in which to rehash an argument made at an earlier stage in the litigation." *Shannon M. v. Saul*, No. 19 C 2568, 2021 WL 4539858, at *2 (N.D. Ill. June 8, 2021) (citing *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014)); *see also Keiber v. Astrue*, No. 08 CV 2616, 2010 WL 3001958, at *1 (N.D. Ill. July 29, 2010) (citing *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir.2000) ("Nor is Rule 59(e) a vehicle for recycling arguments that the Court has previously rejected.")). Similarly, a Rule 59(e) motion "[d]oes not permit a party to advance arguments or theories that could and should have been made before the district court rendered a judgment ... or to present evidence that was available

earlier.” (citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995)).

Plaintiff has failed to establish that the Court committed a manifest error of law or fact or disregarded newly discovered evidence that would have precluded entry of judgment. *Kevin D.*, 2023 WL 4054515, at *1. Instead, Plaintiff proceeds to re-argue the same arguments that he presented previously and that the Court rejected. In his motion, Plaintiff argues that “the ALJ erred in evaluating the opinion evidence and did not develop this record properly.” [27], p. 2. Plaintiff elaborates that the ALJ erred by not retrieving a prior administrative claim file before rendering his decision. This is the same argument presented in Plaintiff’s opening brief. *See* [18], p. 13. Plaintiff does bolster this argument in his motion by including more statutory citations and administrative guidelines, but the argument is identical and the substantive case law citations are a “cut and paste” from Plaintiff’s opening brief. Moreover, Plaintiff makes no effort in his motion to address the basis for the Court ruling on this issue – specifically, the finding that Plaintiff waived any objection to the incomplete record during the hearing. Because a Rule 59(e) motion is not a “second bite at the apple,” and “[r]elief under Rule 59(e) is extraordinary and reserved for exceptional cases,” *Union Pacific Railroad Co. v. Regional Transportation Authority*, Case No. 19-cv-7957, 2022 WL 837661, at *1 (N.D. Ill. Feb. 17, 2022) (citations and quotations omitted), the Court finds Plaintiff’s motion is not providently brought.

Plaintiff fails to meet the standards of Rule 59(e) by recycling arguments that the Court has rejected rather than identifying error by the Court. The Court’s finding that the ALJ did not err by relying on counsel’s decision to let the record stand without supplement, is not the subject of Plaintiff’s motion to alter or amend the judgment. Rather, Plaintiff attempts to bring the same arguments before the Court a second time. Rule 59(e) does not allow for this and, therefore, Plaintiff’s motion to alter or amend the judgment of the Court, is denied.

## CONCLUSION

For the reasons stated above, Plaintiff’s Motion to Alter/Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) [27] is denied.

Date: November 9, 2026

ENTER:

Margaret J. Schneider

United States Magistrate Judge